WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MOHAVE VALLEY IRRIGATION AND )
DRAINAGE DISTRICT, )
 )
                    Plaintiff, )
 )
          vs. )
 )
HCJM, INC., et al., )
 )                        No. 3:13-cv-8269-HRH
                    Defendants. )          (Prescott Division)
_____ )

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiff's complaint for failure to join indispensable

parties, or, alternatively, to join indispensable parties.[1]  This motion is opposed.[2]  Oral

argument has been requested but is not deemed necessary.

_____

[1]Docket No. 6.

[2]Docket No. 15.

<u>Background</u>

Plaintiff is the Mohave Valley Irrigation and Drainage District.  Defendants are HCJM, Inc.; El Rio Recreational, LLC; and El Rio Holdings, LLC.

"As a result of the works accomplished under the federal reclamation laws, including the Boulder Canyon Project Act...,  a system was created to tame, capture, store and control the waters of the Colorado River...."[3] "The Project Act recognizes water rights perfected under state law as of the date of the Project Act."[4]  "Colorado River waters include water from the mainstream of the Colorado River, its tributaries, surface flows, subsurface flows, and waters pumped from wells that are recharged or replenished by the waters of the Colorado River." [5]  "The Project Act mandates that Colorado River water be available for consumptive use in Arizona only if a contract has been made by, through or on behalf of the Secretary of the Interior ... for that use."[6]

Plaintiff alleges that it has a contract (the MVIDD Contract) with the Secretary of Interior "for the delivery of Colorado River waters...."[7]  "The MVIDD Contract presently allocates 41,000 acre feet of Colorado River waters annually from the Arizona apportion-

---

[3]Complaint at 2, ¶ 6, attached to Notice of Removal, Docket No. 1.

[4]<u>Id.</u> at ¶ 7.

[5]<u>Id.</u> at ¶  9.

[6]<u>Id.</u> at ¶ 11.

[7]<u>Id.</u> at 3, ¶ 12.

ment to [plaintiff] for use within [plaintiff's] service area...."[8]  Plaintiff's allocation includes the water used by holders of present perfected rights (PPRs).  Mohave Valley Irrigation & Drainage Dist. v. Norton, 244 F.3d 1164, 1165-66 (9th Cir. 2001).  If the holders of PPRs do not use their water, the water "revert[s] to [plaintiff] for allocation as 4th priority water."[9]

Plaintiff alleges that defendants own and/or operate the El Rio Golf Course, which is located within Section 11 of Mohave County, which is within plaintiff's service area.[10]  Plaintiff alleges that the El Rio Golf Course diverted 561 acre feet of Colorado River water in 2009, 542 acre feet in 2010, 340 acre feet in 2011, 634 acre feet in 2012, and 334 acre feet from January 1, 2013 through June 30, 2013.[11]

Plaintiff alleges that "[w]ithin Section 11, Colorado River waters may only be diverted, withdrawn or otherwise used pursuant to a subcontract with [plaintiff], pursuant to the MVIDD Contract with the Secretary, with the possible exception relating to present perfected rights[.]"[12]  Plaintiff alleges that defendants do not have a "contract with

---

[8]Id. at ¶ 14 (footnotes omitted).

[9]Id. at 5, ¶ 32.

[10]Id. at 4-6, ¶¶ 19-23 & 34-35.

[11]Id. at 6-7, ¶ 39.

[12]Id. at 4,, ¶ 24.

[plaintiff] or the Secretary for use of Colorado River water on or within the El Rio Golf Course."[13]

Plaintiff alleges that "[t]he only present perfected rights applicable to Section 11 are those referred to as the Hurschler PPRs[.]"[14]  Plaintiff further alleges that "[a] contract providing for satisfaction of the Hurschler PPRs was entered into on March 20, 1984 by the Hurschlers with, or on behalf of, the Secretary ... ('the Hurschler Contract')."[15]  "The Hurschler Contract is currently held by First American Title Insurance Agency of Mohave, Inc. as Trustee of Trusts 4895 and 9177."[16]  Plaintiff alleges that "[n]o water has been ordered or reported as used under the Hurschler Contract" and that "[w]atering a golf course is not an accepted or permitted use of Colorado River water under the Hurschler PPRs."[17]  Thus, plaintiff alleges that the Colorado River water that defendants have diverted to use at the El Rio Golf Course has not been "properly consumed or otherwise used under a present perfected right, including the Hurschler PPRs."[18]

---

[13]Id. at 5, ¶ 33.

[14]Id. at 4-5, ¶ 26.

[15]Id. at 5, ¶ 27.

[16]Id. at ¶ 28.

[17]Id. at ¶¶ 30-31.

[18]Id. at 7, ¶ 40.

John Hoover, "the controlling manager of [d]efendants El Rio Recreational, LLC and El Rio Holdings, LLC",  avers that the Hurschler Contract was "assigned ... to the El Rio [d]efendants' immediate predecessors-in-interest when those predecessors purchased the associated real estate in two transactions in 2000 and 2006."[19]  Hoover further avers that "[t]hose predecessors-in-interest are related and commonly owned with the El Rio [d]efendants, and are managed under my common control."[20]  Hoover avers that "[i]n or about 2000 and 2006, I caused [d]efendants' immediate predecessors-in-interest to assign the land and associated PPRs to First American Title Company, as trustee of two trusts, Nos. 4895 and 9177, which were established to hold the land and water rights now in question...."[21]  Hoover avers that "[t]he assignment of the [Hurschler] Contract was approved by the Department of the Interior."[22]  And, Hoover avers that "[d]efendant HCJM, Inc. subsequently purchased a partial tenancy-in-common interest in a portion of the property at issue.  No assignment of water rights was included in that purchase."[23]

––––––––––––––––––––

[19]Affidavit of John Hoover at 2, ¶¶ 2 & 4, appended to Defendants' Motion to Dismiss [etc.], Docket No. 6.

[20]Id. at ¶ 4.

[21]Id. at ¶ 5.

[22]Id. at ¶ 6.

[23]Id. at ¶ 7.

On October 8, 2013, plaintiff commenced this action in state court.  In its complaint, plaintiff asserts claims for misappropriation/conversion and unjust enrichment/quantum meruit.  Plaintiff alleges that defendants owe it $46,356.00 for the water they have diverted from 2009 through June 30, 2013.[24]  Plaintiff also seeks to enjoin defendants from diverting Colorado River water for use on the El Rio Golf Course, "except that portion of the Golf Course lying within the Southwest Quarter of Section 11[.]"[25]

On November 13, 2013, defendants removed the matter to this court, alleging federal question jurisdiction.

On November 20, 2013, defendants filed the instant motion to dismiss, in which they argue that the Secretary of the Interior and the First American Title Company, as trustee for the two Trusts, are indispensable parties.

On December 2, 2013,  the parties filed a stipulation for an extension of time for plaintiff to respond to the motion to dismiss and the notice of removal.[26]  In the stipulation, the parties "request[ed] that the [c]ourt grant an extension of sixty (60) days from December 4, 2013 within which the [p]laintiff will file an amended complaint adding certain federal officials and possibly other parties as defendants or real parties in interest

---

[24]Complaint at 10, ¶ 67, attached to Notice of Removal, Docket No. 1.

[25]Id, at 12-13, ¶¶ 80 & 85.

[26]Docket No. 9.

and addressing issues raised by [d]efendants' Motion to Dismiss and Notice of Removal."[27]

The stipulation provided that

> [i]t is the intent of counsel for the [p]laintiff and [d]efendants to consult with each other and relevant federal officials during this period in order to clarify the federal issues that this controversy presents and to clarify complex factual issues in this controversy concerning land ownership.  It is the intent of counsel that the [c]ourt be presented with a clear and concise articulation of the issues and facts relevant to the controversy in an amended complaint that will likewise bring before the [c]ourt the necessary parties for resolution of the matter.[[28]]

On February 7, 2014, plaintiff, rather than filing an amended complaint, filed a response to defendants' motion to dismiss.[29]   Defendants have filed a reply,[30] and defendants' motion to dismiss is now ready for disposition.

<u>Discussion</u>

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(7), Federal Rules of Civil Procedure.  Rule 12(b)(7) provides that a party may move to dismiss for "failure to join a party under Rule 19."  Rule 19 governs the joinder of required parties.[31]

---

[27]<u>Id.</u> at 1-2.

[28]<u>Id.</u> at 2.

[29]Docket No. 15.

[30]Docket No. 16.

[31]The current version of Rule 19 uses the term "required" rather than "indispensable."

As an initial matter, in their reply brief, defendants argue that plaintiff stipulated that the Secretary and the Trusts were required parties and thus plaintiff should either join them or this action should be dismissed. The court "has the discretion to consider an argument first raised n a reply brief." Lane v. Dep't of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008). The court will consider this argument because the parties entered into the stipulation in question after defendants filed their motion to dismiss. Defendants could not have raised this argument in their opening brief.

Stipulations freely and voluntarily entered into are binding. United States v. Molina, 596 F.3d 1166, 1169 (9th Cir. 2010). "'[S]tipulations serve both judicial economy and the convenience of the parties, [and] courts will enforce them absent indications of involuntary or uninformed consent.'" Id. (quoting CDN Inc. v. Kapes, 197 F.3d 1256, 1258 (9th Cir. 1999)).

Defendants argue that in the parties' December 2, 2013 stipulation, plaintiff agreed that the Secretary and the Trusts were required parties. Defendants emphasize that the stipulation provided that "[p]laintiff will file an amended complaint adding certain federal officials and possibly other parties as defendants or real parties in interest" and that it was "anticipat[ed] that the amended complaint w[ould] render ... responses" to the instant motion to dismiss "unnecessary."[32] Thus, defendants argue that plaintiff's complaint

---

[32]Stipulation at 1-2, Docket No. 9.

should now be dismissed because plaintiff did not file an amended complaint as it had agreed to do.  Alternatively, defendants argue that the court should not consider plaintiff's response to the instant motion because plaintiff either waived its right to argue that the Secretary and the Trusts are not required parties or plaintiff should be estopped from making such an argument.

In the stipulation, plaintiff did not agree to file an amended complaint adding the Secretary and the Trusts as defendants.  Rather, the stipulation expressed plaintiff's and defendants' then present intent to consult with federal officials to clarify issues and to present the court with "a clear and concise articulation of the issues and facts relevant to this controversy in an amended complaint that will likewise bring before the [c]ourt the necessary parties for resolution of the matter."[33]  In short, the stipulation provided that plaintiff intended to file an amended complaint, not that plaintiff had unequivocally agreed to file an amended complaint.  Plaintiff was not bound by the stipulation to file an amended complaint.  Because the stipulation was not a binding agreement to file an amended complaint, plaintiff has not waived its right to argue that the Secretary and the Trusts  are not required parties nor is plaintiff estopped from making such an argument.

Turning then to the merits of defendants' motion to dismiss, the court must "[f]irst, guided by the provisions of Rule 19(a), ... decide whether it is 'desirable in the interests of

---

[33]Id. at 2.

just adjudication' to join" the Secretary of Interior and the two subject Trusts. <u>Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles</u>, 637 F.3d 993, 997 (9th Cir. 2011) (quoting <u>EEOC v. Peabody W. Coal Co.</u>, 400 F.3d 774, 779 (9th Cir. 2005)). "If so, [the court] must determine next whether [it] feasibly could order that" the Secretary and the two Trusts be joined. <u>Id.</u> "Finally, if [the] court cannot so order, then, guided by the provisions of Rule 19(b), [it] must decide whether 'in equity and good conscience' the case may proceed in the absence of the" Secretary and the Trusts. <u>Id.</u> (quoting <u>Peabody</u>, 400 F.3d at 779-80).

Rule 19(a) "provide[s] for a two-part analysis." <u>Id.</u> The court "first examine[s] whether [it] could award complete relief to the parties present without joining the non-party." <u>Id.</u> "Alternatively, [the court] ask[s] whether the non-party has a 'legally protected interest' in this action that would be 'impaired or impeded' by adjudicating the case without it." <u>Id.</u> (quoting <u>Yellowstone County v. Pease</u>, 96 F.3d 1169, 1172-73 (9th Cir. 1996)). "If [the court] answer[s] either of those questions in the affirmative, then the [non-party in question] is a 'required party' under Rule 19(a)." <u>Id.</u> (quoting <u>Pease</u>, 96 F.3d at 1172-73).

Defendants argue that complete relief could not be awarded if the Secretary and the Trusts are not joined. The court's inquiry here is "concerned only with 'relief as between the persons already parties, not as between a party and the absent person whose joinder

-10-

is sought.'"   <u>Eldredge v. Carpenters 46 N. Calif. Counties Joint Apprenticeship and</u> <u>Training Comm.</u>, 662 F.2d 534, 537 (9th Cir. 1981) (quoting 3A Moore's Federal Practice P 19.07-1[1], at 19-128 (2d ed. 1980)).

Defendants contend that all parties to the two contracts need to be part of this case because the present action will not only determine their right to continued use of the Hurschler PPRs under the Hurschler Contract, but will also determine the amount of water available under plaintiff's contract with the Secretary. Thus, defendants argue that joinder of the Secretary and the Trusts is required so that all the parties to the contracts at issue are present in the case.

There is no blanket requirement that all parties to a contract must be present in order for a court to award complete relief, which is basically what defendants are arguing here. The court could award plaintiff all the relief it is seeking without the Trusts or the Secretary being parties. Awarding plaintiff the relief it seeks would require making a determination that defendants cannot divert water for the El Rio Golf Course under the Hurschler Contract. If the court makes that determination, it could require defendants to pay for the Colorado River water they have used since 2009 and it could enjoin defendants from diverting Colorado River water under the Hurschler Contract, without the Trusts or the Secretary being parties.

Defendants also argue that the Secretary and the Trusts have legally protected interests in this action which would be impaired or impeded if this case were adjudicated without them. A legally protected interest may include rights created through being "a party to a relevant commercial agreement, lease, trust, or treaty with one of the parties to the lawsuit." Pease, 96 F.3d at 1173. Defendants argue that the Secretary and the Trusts have legally protected interests in the action because they are parties to the Colorado River water contracts that are at issue in this litigation. Defendants contend that plaintiff's claims for relief will require interpretation of the Hurschler Contract as well as the MVIDD Contract and that the Secretary's and the Trusts' interests could be impaired or impeded by the interpretation of these contracts. Defendants also point out that the Secretary must approve any modifications to either contract.

The Secretary does not have a legally protected interest that could be impeded or impaired by adjudication of this case. If this case were about diverting more water from the Colorado River than is currently allowed, then the Secretary's interests might be impacted. But, that is not what this case is about. It is about whether defendants can divert water under the Hurschler PPRs or whether it must enter into a contract with plaintiff in order to continue diverting Colorado River water for the El Rio Golf Course. Adjudication of plaintiff's claims will not affect the Secretary's duties and obligations under either the MVIDD Contract or the Hurschler Contract. The Secretary is not a required party.

-12-

The Trusts, however, do have legally protected interests that might be impeded or impaired.  The Trusts, as parties to the Hurschler Contract, have a legally protected interest in the use of Colorado River water pursuant to that contract.  Plaintiff's claims are based on the contention that defendants are not entitled to use water under the Hurschler Contract to water a golf course.  If plaintiff's contention is correct, the Trusts' right to use water under the Hurschler Contract would be impaired or impeded.  Because adjudication of plaintiff's claims could affect the Trusts' right to use water under the Hurschler Contract, the Trusts are required parties.

Neither party has argued that it would not be feasible to join the Trusts.  Thus, plaintiff must join the Trusts as defendants in this action.

Conclusion

Defendants' motion to dismiss[34] is denied on the condition that plaintiff file an amended complaint naming the Trusts as defendants.  If plaintiff does not file an amended complaint naming the Trusts as defendants by March 27, 2014, plaintiff's complaint will be dismissed.

DATED at Anchorage, Alaska, this 13th day of March, 2014.

/s/ H. Russel Holland
United States District Judge

---

[34]Docket No. 6.